**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ZURIE POPE,
1011 Jill Court
Piqua, OH, 45356

     *Plaintiff,*

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT,
500 12th Street SW
Washington, DC 20536,

     *Defendant.*

CIVIL ACTION NO. 26-cv-00997

**COMPLAINT**

### PRELIMINARY STATEMENT

1. Plaintiff Zurie Pope ("Mr. Pope" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel United States Immigration and Customs Enforcement ("ICE") to disclose documents requested pursuant Plaintiff's FOIA requests. Specifically, Plaintiff is seeking "significant incident reports" related to the holding facility of the 300 North Los Angeles Federal Building, also known as "B-18" and "LOSHOLD."

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA request, to disclose any of the requested documents within the time stipulated under FOIA, or to provide any date when such documents will be disclosed.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5.  This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

7.  Plaintiff, Zurie Pope, is a reporter who has worked in the journalism field for nearly eight years. His work has appeared in numerous national and local publications, including the Nation Magazine and L.A Times. Mr. Pope has been awarded accolades in the field of journalism, ranging from the Ida B. Wells internship to membership in the New York Times Corps. He expects to use the materials obtained from this request in his reporting.

8.  Defendant ICE is an agency of the United States under 5 U.S.C. § 552(f)(1). ICE is headquartered in Washington, DC.

9.  Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

**STATEMENT OF FACTS**

10. The Immigration and Customs Enforcement ("ICE") Enforcement & Removal Operations ("ERO") division maintains a system known as the Significant Event Notification ("SEN")

program, "to create reports for ICE field and headquarters managers to provide timely information about critical incidents, activities, and events that involve or impact ICE field staff." One of several reports which can be generated within this system is the Significant Incident Report ("SIR"). SIRs are distributed to "various SEN users" and the ICE Joint Intelligence Operations Center ("JIOC") which analyzes the SIRs and sends summaries of them to the appropriate offices and divisions. SEN reports are available across a range of other ICE and DHS systems and on mobile devices as described in its 2021 Privacy Impact Assessment Update quoted in this paragraph.[1]

11. SIRs are prepared to "provide information and awareness to ICE field and headquarters managers regarding field events that have already occurred, such as significant arrests, assaults on employees, the discharge of firearms involving employees, and/or significant seizures."[2] These circumstances also include any time force is used in the conduct of an agency officer's duties, or at a facility run operated by a private company under agency contract; any time a hunger strike, a suicide attempt, death, or a serious injury occurs at a facility run by or for the agency; and any time a detainee is taken to receive outside medical care.[3]

12. SIRs are also essential tools for corroborating human rights conditions inside ICE immigrant detention facilities.These documents have served as the factual basis for published reports on conditions at ICE facilities by civil society researchers.[4]

---

[1] Privacy Impact Assessment for the Significant Event Notification (SEN) System, DHS/ICE/PIA-023(a), at 1 (2021), *available at* https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf [*hereinafter* SEN PIA].
[2] Id.
[3] ICE ERO Health Service Corps Significant Event Notification and Significant Medical Case Reporting, IHSC Directive: 01-25, ERO Directive No. 11769.2, at 6 (Oct. 4, 2023), *available at* https://www.ice.gov/doclib/foia/policy/directive11769.2_SEN_SignificantMedicalCaseReporting.pdf (§§ 8-5, 8-6, describing incidents reportable as SIRs).
[4] *See*, *e.g.*, University of Washington Center for Human Rights (UWCHR), *Cycles of Cruelty: Uses of Force and Chemical Agents at the Northwest Detention Center* (2023),

13. Partially redacted SIRs have been previously released in response to other FOIA requests. *See*, *e.g.*, FOIA Production 2019-ICLI-00003, at 2250-51 (SIR for a hunger strike filed by the ICE Enforcement & Removal Operations Seattle Field Office).[5]

14. The 300 North Los Angeles Federal Building in Los Angeles, CA, contains the Roybal Allard Federal Detention Facility. This facility is an ICE ERO holding facility described in agency recordkeeping as "LOS ANGELES CUSTODY CASE," "B-18,"[6] or "LOSHOLD."

15. B-18/LOSHOLD became nationally recognized in June, 2025, when hundreds of people were reportedly sent there during ICE's arrest and deportation uptick. Although individual stories have shed light on conditions there, no comprehensive account of the incidents that occurred exists.

16. In June, 2025, members of the U.S. House of Representatives attempted to gain access to B-18 to conduct oversight after receiving "reports of inhumane, overcrowded conditions in the facility;" "lack of access to food and water;" and that detainees had "to sleep standing due to the overcrowding" but were denied entry until August 11, 2025, when they were permitted to conduct a supervised visit under controlled conditions. The congressmembers visiting B-18 reported that the facility had been "sanitized" before their visit. Rep. Judy Chu told press that inside the facility there are "nine cells and these are just cold, concrete floors." Rep. Jimmy Gomez also stated that "On this visit inside, two people were there right now. So when I said they invited us in when there was nobody there, right? So they knew what they were doing."[7]

---

https://jsis.washington.edu/humanrights/2023/08/14/conditions-at-the-nwdc-uses-of-force-and-chemical-agents/ (methodology section discussing use of SIRs obtained via FOIA to inform factual reporting).

[5] Available at:
https://jsis.washington.edu/wordpress/wp-content/uploads/sites/22/2020/03/SignificantIncident-20171213-CubanHungerStriker.pdf.

[6] The holding facility's room number in the larger complex.

[7] Anabel Munoz, *Congress members gain access to ICE facility in DTLA where detainees report lack of food, beds*, ABC7 (Aug. 13, 2025),

17. ICE has also limited access to the facility by members of the clergy or family of detainees held at B-18, who have reported that they faced waits of five hours or more to gain entry, and that "very few" attempted visitors are actually permitted inside.[8]

18. On June 24, 2025, via email, Mr. Pope submitted his first request ("First Request") to ICE. He asked for "*All Significant Incident Reports (SIRS) documented for the holding facility in the 300 North Los Angeles Federal Building, also known as 'B-18,' from January 1st to June 23rd, 2025. For the purposes of this request, "Significant Incident Reports," includes all SIRS held by the Los Angeles ICE Field Office pertaining to incidents of abuse, neglect, severe injury, medical and psychiatric emergency, suicide attempt, hunger strike, hospital admission and discharge, death, and sexual assault in the holding facility of the 300 North Los Angeles Federal Building, also known as 'B-18.'*"

19. On June 24, 2025, the agency responded via email, assigning the request number 2025-ICFO-44669.

20. Mr. Pope followed up with the agency regarding his request multiple times, via email, including on July 8, 2025; July 14, 2025; July 30, 2025; and July 31, 2025. The agency did not respond substantively to any of those requests for information.

21. On August 8, 2025, the agency responded via email, stating that "As of today, the search for responsive documents is complete and your request is currently in queue to be processed. If responsive records have been located, they will be reviewed for a determination of releasability."

---

https://abc7.com/post/congress-members-describe-conditions-inside-ice-facility-dtla-where-detainees-report-lack-food-water-beds/17528166/.
[8] Emily Belz, *At a Basement ICE Detention Facility, Clergy Face Barriers to Visit Congregants*, Christianity Today (July 1, 2025), https://www.christianitytoday.com/2025/07/ice-los-angeles-immigration-detention-clergy-visits/.

22. However, the agency has never followed up substantively on that statement. It never released any records nor contacted Mr. Pope to say that it was withholding records.

23. Mr. Pope has followed up several more times on this request, including February 20, 2026. The agency did not respond.

24. On January 20, 2026, Plaintiff submitted a second, related request ("Second Request) to ICE via the agency's FOIA portal and email. In Plaintiff's Second Request, he asked for "*All Significant Incident Reports (SIRS) and Significant Incident Summaries related to the holding facility in the 300 North Los Angeles Federal Building, also known as 'B-18,' or 'LOSHOLD,' from June 23 to until the date that processing is completed on this request. For the purposes of this request, 'Significant Incident Reports,' includes all SIRS held by the Los Angeles ICE Field Office pertaining to incidents of abuse, neglect, severe injury, medical and psychiatric emergency, suicide attempt, hunger strike, hospital admission and discharge, death, assault, battery, and/or sexual assault in the holding facility of the 300 North Los Angeles Federal Building, also known as 'B-18' and 'LOSHOLD.'*"

25. On the basis of Plaintiff's significant publication history, Plaintiff requested news media fee status.

26. The agency sent an automated acknowledgement via email on January 21, 2026, assigning tracking number 2026-ICFO-12491.

27. On January 28, 2026, ICE sent an email to Plaintiff demanding clarification regarding Plaintiff's Second Request, 2026-ICFO-12491. Mr. Pope's Second Request specifically included a timeframe of June 23, 2025 until the date that processing is completed on this request, yet the agency was requesting clarification regarding the timetable of the request.

28. On February 2, 2026, via email, Mr. Pope responded to ICE's request for clarification, specifying that his Second Request, number 2026-ICFO-12491, was intended to capture June 23, 2025 to January 31, 2026.

29. ICE's automated response acknowledged receipt of Mr. Pope's email that same day.

30. On February 20, 2026, Plaintiff again followed up with ICE regarding his requests. He received no response, aside from an automated message.

31. Although individual stories have shed light on conditions within B-18, no comprehensive account of the incidents that occurred exists. Public and congressional interest in information about ICE ERO in general and this facility in particular remains high. Rep. Jimmy Gomez issued a press release regarding his unscheduled visit to B-18 in December, 2025, after successfully challenging an ICE policy limiting access to the facility as unlawful in this Court.[9] This visit received substantial local and national coverage.[10]

32. These records would allow the public to understand how ICE ERO treated persons detained in B-18. Not using detainee testimony or quotes from attorneys, but records from ICE itself to create an objective document of B-18's inner workings.

33. The records subject to Plaintiff's FOIA request would give more information about the treatment of high profile former detainees who have told their stories, such as Rami Othmane, a 36-year-old Pasadena resident from Tunisia, who was detained for 13 days in unsanitary conditions, over which he lost 15 pounds due to malnutrition, and was not provided bedding to sleep in the space, which is kept at 50 degrees Fahrenheit at all times.[11]

---

[9] Rep. Jimmy Gomez Wins Court Fight Against Trump Administration, Conducts Oversight Inspection of Roybal Allard Federal Detention Facility (Dec. 19, 2025), https://gomez.house.gov/news/documentsingle.aspx?DocumentID=5865.

[10] See, e.g., Jordan Rynning, *Rep. Jimmy Gomez inspects ICE facility in LA during unannounced visit*, LAist (Dec. 19, 2025), https://laist.com/news/politics/rep-jimmy-gomez-inspects-ice-facility-in-la-during-unannounced-visit.

[11] Jasmine Mendez, *'I am not the same person.' Pasadena man recounts 13 days in ICE's 'basement'*, L.A. Times (Sept. 11, 2025), https://www.latimes.com/california/story/2025-09-11/tunisian-man-recounts-13-days-in-ice-custody-downtown-l-a.

Othmane and others do not have access to public records corroborating or discrediting their narrative.

34. To date, Plaintiff's FOIA request to ICE has produced no documents, nor any substantive response, and ICE has not provided any indication about when any responsive documents may be produced.

## COUNT ONE:

### *Violation of Statutory Deadline*

35. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

36. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

37. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

38. Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

39. Twenty working days from January 20, 2026 (the date Plaintiff submitted his FOIA request) was February 18, 2026. Twenty working days from February 2, 2026, when he clarified the timeframe of his request, was March 3, 2026. As of the date of this filing, Plaintiff has received no documents in response to his FOIA request.

40. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its October 1, 2025 FOIA request, FPF now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## COUNT TWO

### *Unlawful Withholding of Agency Records*

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. Defendant DOD has failed to search for records responsive to Plaintiff's FOIA Request.

43. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's October 1, 2025, FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

44. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding DOD's efforts to quell employee speech.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 23, 2026

s/ *Ginger P. McCall*_____
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

Free Information Group, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642
*Attorneys for Plaintiff*